IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERESA DEWITT,                              )
                                             )
    Plaintiff,                              )
                                             )
-vs-                                         )    Civil Action No. 17-1283
                                             )
NANCY A. BERRYHILL,                          )
ACTING COMMISSIONER OF SOCIAL                )
SECURITY,                                    )
                                             )
    Defendant.                              )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Theresa Dewitt ("Dewitt") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the ALJ's decision denying of her claim for disability insurance benefits (DIB). She alleges a disability beginning on June 3, 2013. (R. 22, 151) Following a hearing before an ALJ, during which time both Dewitt and a vocational expert ("VE") testified, the ALJ denied her claim.

Specifically, the ALJ determined that Dewitt had not engaged in substantial gainful activity since the alleged onset date. (R. 24) The ALJ also concluded that Dewitt suffered from numerous severe impairments. (R. 24)[1] Dewitt's impairments, or any combination thereof, did not meet or equal any listed impairment. (R. 24-26) Concluding that Dewitt was capable of performing light work subject to certain restrictions, the ALJ

---

[1] The ALJ found that Dewitt had the following severe impairments: cervical degenerative disc disease, plantar fasciitis, coronary artery disease with prior myocardial infarction, congestive heart failure, bilateral knee osteoarthritis, obesity, depression, and anxiety. (R. 24)

1

determined that Dewitt had no past relevant jobs but was able to perform jobs that exist in significant numbers in the national economy. (R. 26-31)

Dewitt has appealed the denial of her claim. Pending are Cross Motions for Summary Judgment. See ECF Docket Nos. (16) and (18). For the reasons set forth below, the ALJ's decision is affirmed.

## Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. '405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by

substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district

court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. Light Work[2]

The ALJ found Dewitt retained the residual functional capacity to perform "light work" as that phrase is defined in 20 C.F.R. § 404.1567(b) except that Dewitt "is limited to two hours of standing / walking during the typical eight hour workday." (R. 26) Dewitt focuses upon the two-hour limitation for standing / walking. She reasons that this limitation restricts her to "sedentary" work because "light" work requires standing or walking off and on for a total of approximately six hours. *See* ECF Docket No. 17, p. 2-6. If restricted to "sedentary" work, Dewitt would be disabled under the Grids, she concludes, given her age, her educational level, her lack of transferable job skills. *Id.*, *citing*, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, Rule 201.14.

Dewitt's position is unconvincing. Although Dewitt fell short of being able to perform the full range of "light work," she exceeds the requirements for "sedentary work." [3] Dewitt's RFC places her between the light and sedentary exertional levels. In such an instance, the ALJ's reliance upon a vocational expert is entirely appropriate. *See Stephens v. Colvin*, Civ. No. 15-2029, 2017 WL 1170899 at * 19 (M.D. Pa. March 13, 2017); *Bryant v. Colvin*, Civ. No. 14-981, 2015 WL 1401001 at * 11 (March 26, 2015); and *Lackey v. Colvin*, Civ. No. 12-516, 2013 WL 1903662 at * 3 (W.D. Pa. May 7, 2014) (stating that where "the ALJ was faced with a situation where the plaintiff's

---

[2] Significantly, Dewitt does not object to the ALJ's assessment or evaluation of her physical or mental impairments. Rather, her argument is legal in nature. As such, the ALJ's underlying assessment is not before me on appeal.
[3] A claimant performing sedentary work should be able to "stand or walk no more than 2 hours in an 8-hour workday." See SSR 83-10.

4

exertional limitations are 'somewhere in the middle' between light and sedentary work … the ALJ properly relied on vocational expert testimony to find that there are jobs existing in significant numbers in the national economy that plaintiff can perform in light of her age, education and residual functional capacity.") An ALJ is not required to rigidly apply exertional categories. Rather, "where additional limitations exist such that a claimant does not fall neatly within an exertional category, and ALJ should take those limitations into account when determining a claimant's RFC and appropriately reduce the occupational base to fit the claimant's individual characteristics at step five of the process." *See* 20 C.F.R. §§ 404.1569, 416.969; SSR 83-12, 1983 WL 31253. If the ALJ is unclear as to the remaining occupational base given any additional limitations, then the ALJ must consult a vocational source." *Hensley v. Colvin*, Civ. No. 13-27810, 2015 WL 56626 at * 17 (S.D. W. Va. Feb. 10, 2015). This is precisely what the ALJ did here. Consequently, I find no error with respect to the ALJ's conclusion that Dewitt was capable of light work.

Nor am I convinced by Dewitt's contention that POMS DI 25025.015(D) requires remand. The Program Operations Manual System Section 25025.015 simply provides that, "in determining whether a claimant is disabled when his or her exertional capacity falls in the middle of two rules and the rules direct opposite conclusions … the ALJ should consider whether the claimant's capacity is slightly or significantly reduced in order to determine which level of exertion to apply; or in situations where the individual's exertional limitations are 'in the middle' in terms of the criteria for exertional ranges of work…, the assistance of a VE is advisable." *Duska v. Colvin*, Civ. No. 16-217E, 2017 WL 5067438, * 1 n. 1 (W.D. Pa. Sept. 21, 2017). Here, in response to questioning by

both the ALJ and Dewitt's attorney, the VE explained that there were positions in the national economy that constituted "light" work but which also were consistent with standing and walking limitations of nor more than two hours a day. (R. 51-55) The VE explained that the lifting capacities of these jobs were beyond sedentary but that they are typically done while seated at a desk. (R. 51-55)[4] As such, the jobs of mail clerk, office helper and photocopy machine operator remain available to Dewitt. Consequently, there is no basis for remand.

---

[4] In seeking testimony from a VE and in setting forth hypothetical questions which accurately portrayed Dewitt's limitations, the ALJ also properly abided by the policy of SSR 83-12 contrary to Dewitt's contentions.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERESA DEWITT, )
    Plaintiff, )
)
 -vs- ) Civil Action No. 17-1283
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 5th day of March, 2019, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 16) is denied and Defendant's Motion for Summary Judgment (Docket No. 18) is granted.

                                BY THE COURT:

                                /s/ Donetta W. Ambrose
                                Donetta W. Ambrose
                                United States Senior District Judge